UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

MIKE COSTELLO,

                Plaintiff,         CASE NO:   1:11 Civ. 0280 (KAM) (CLP)

v.         MOTION FOR DEFAULT
      AGAINST DEFENDANT
HAI SUN CHINESE RESTAURANT         **651 REALTY, LLC**
NY INC., a New York corporation,
d/b/a HAI SUN RESTAURANT,
and 651 REALTY, LLC, a New York
limited liability company,

                Defendants.
-------------------------------------------------------X

    Plaintiff, MIKE COSTELLO, by and through his undersigned counsel, hereby files this Motion for Default Judgment seeking an Entry of Default Final Judgment against defendant, 651 REALTY, LLC, and as grounds therefore states as follows:

    1.    The Plaintiff filed a Complaint on January 19, 2011, for the defendants' lack of compliance with Title III of the Americans with Disabilities Act, the Administrative Code of the City of New York § 8-107 et. seq., (hereinafter referred to as the "New York City Human Rights Law"), and the New York State Executive Law § 296 et. seq., (hereinafter referred to as the "New York State Human Rights Law").

    2.    An Amended Complaint in this action, adding 651 REALTY, LLC, as a defendant, was filed on February 7, 2011. (Exhibit "A").

    3.    Defendant 651 REALTY, LLC was served with a Summons and the Amended Complaint on February 17, 2011. Proof of such service was filed on March 7, 2011. (Exhibit "B").

4. On April 11, 2011, the Clerk of the Court entered a Certificate of Default against defendant 651 REALTY, LLC for its failure to file its answer or otherwise move with respect to the Complaint within the time limits prescribed by the Federal Rules of Civil Procedure. (Exhibit "C").

5. The Complaint seeks, *inter alia,* an Order requiring the defendants' to make all necessary modifications to the restaurant to eliminate all barriers that prevent full and equal access by individuals with mobility impairments to the full extent required by Title III of the Americans with Disabilities Act. The Complaint also seeks compensatory damages in the amount of one-thousand dollars ($1,000.00) based on the defendants' violation of the New York City Human Rights Law and New York State Human Rights Law.

6. The pleading to which no response has been made by defendant 651 REALTY, LLC, was properly served. Defendant, 651 REALTY, LLC. is not an infant, mentally incompetent or in the military service of the United States.

7. To date, defendant, 651 REALTY, LLC, has not filed its answer or otherwise moved with respect to the Complaint, nor has it appeared in this action.

8. The defendant has violated the Americans with Disabilities Act, the New York City Human Rights Law and the New York State Human Rights Law, and accordingly, the Plaintiff respectfully requests that the Final Default Judgment require defendant, 651 REALTY, LLC, to remove the following architectural barriers:

    (a) There is no safe and/or accessible path of travel into the Subject Facility due, in part, to a step at the entrance of the Subject Facility in violation of 28 C.F.R. 28 Part 36.

(b)     Failure to provide adequate directional and accurate informational signage as required by § 4.1.3(16), 28 C.F.R. Part 36.

(c)     Failure to provide any handicap accessible seating throughout the Subject Facility, in accordance with the requirements of 28 C.F.R. Part 36.

(d)     The cashier/serving bar counter located in Subject Facility is higher than 36 inches above the finish floor in violation of the requirements of 28 C.F.R. Part 36, Section 5.2 which requires a maximum height of the counter, or a 60 inch wide section of it, to be 36 inches maximum height.

(e)     Failure to provide a handicap accessible pathway of at least 36 inches in width to the cashier/serving counter of the Subject Facility due, in part, to chairs and a wall blocking the pathway in route to the cashier serving bar in violation of Section 4.2.1 of the ADA Standards.

(f)     Failure to provide a safe handicap accessible emergency exit from the east side of the Subject Facility due, in part, to a step outside the emergency exit as well as an inaccessible handle, in violation of 28 C.F.R. Part 36.

9.     The Plaintiff respectfully requests that Plaintiff be awarded one-thousand dollars ($1000.00) in compensatory damages based on the Defendant's violation of the New York City Human Rights Law and the New York State Human Rights Law; this Honorable Court order Defendant to comply with the terms of the Final Judgment within sixty (60) days of the entry of the judgment; and this Honorable Court retain jurisdiction relating to the Plaintiff's attorneys' fees, and said motion shall be filed within thirty (30) days of entry of this Final Judgment.

10.     Based upon the foregoing, the Plaintiff respectfully requests that this Motion for Default Judgment be granted.

WHEREFORE, based on the foregoing and pursuant to the Clerk's Entry of Default dated April 11, 2011, the Plaintiff respectfully requests that this Honorable Court issue a Final Judgment against defendant, 651 REALTY, LLC, in accordance with the relief sought in Plaintiff's Complaint, as well as any further relief this Court deems equitable and just.

Dated: New York, New York
      May 2, 2011

Respectfully submitted,

Adam T. Shore, Esq.
Law Office of Adam Shore
Attorney for Plaintiff
100 Park Avenue, Suite 1600
NewYork, New York 10017
(t) 646-476-4296
(f) 646-390-7422
atsesq@gmail.com