**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
MIKE COSTELLO,

              Plaintiff,                              Case No. 1:11cv0280(KAM) (CLP)
                                                                ECF CASE
   v.

HAI SUN CHINESE RESTAURANT            **PLAINTIFF'S VERIFIED**
NY INC., a New York corporation,              **MOTION FOR FEES AND**
d/b/a HAI SUN RESTAURANT,                  **COSTS AND INCORPORATED**
and 651 REALTY, NY, LLC, a New York     **MEMORANDUM**
limited liability company,

              Defendants.
_____/

       Plaintiff, MIKE COSTELLO, pursuant to 42 U.S.C. § 1988, and Rule 54(d) of the Federal Rules of Civil Procedures, Plaintiff and Plaintiff's counsel move the Court for an award of attorneys' fees, expert fees, costs, and damages as it relates to this matter, including Defendants HAI SUN CHINESE RESTAURANT, INC. d/b/a HAI SUN RESTAURANT and 651 REALTY, NY, LLC, (hereinafter the "Defendants") in the total amount of $16,202.50. This Motion is supported by the following Memorandum of Law, Exhibit "A" in support of the amount requested, Exhibit "B", copies of return receipts.

# **TABLE OF CONTENTS**

                                                                                                                  **PAGE/**
                                                                                                                  **EXHIBIT**

**TABLE OF CASES** ………………………………………………………….. 3

**FACTS**……………………………………………………………………… 5

**ARGUMENT** ………………………………………………………………. 6

       **I.**      **ATTORNEYS' FEES** …………………………..……………. 6

       **II.**     **COSTS** …………………………………………………………... 9

       **III.**    **EXPERT FEES** ……………………………………………....... 9

       **IV.**    **DAMAGES**……………………………………….................. 11

**CONCLUSION** ……………………………………………………………. 11

**SERVICE LIST** ……………………………………………………………… 13

**CERTIFICATE OF SERVICE** ……………………………………………....... 14

**Time and Expense Sheet** ………………………………………………….. EXHIBIT "A"

**Copies of Mail Receipts** ……………………………………………….. EXHIBIT "B"

## TABLE OF CASES

|  | PAGE |
|---|---|
| Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res., 532 U.S. 598 (2001) | 6 |
| Roberson v. Giuliani, 346 F.3d 75 (2nd Cir. 2003) | 6 |
| American Disability Association, Inc. v. Chmielarz, 289 F.3d 1315 (2002) | 6 |
| Habich v. City of Dearborn, 331 F.3d 524 (6th Cir. 2003) | 6 |
| Barrios v. Cal. Interscholastic Federation, 277 F.3d 1128 (9th Cir. 2002) | 6 |
| Hensley v. Eckerhart, 461 U.S. 424 (1983) | 6 |
| Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392 (6th Cir. 1995) | 6 |
| Blum v. Stenson, 465 U.S. 866 (1984) | 6 |
| Gaines v. Doughtery County Bd. of Education, 775 F. 2d 1565 (11th Cir. 1985) | 6 |
| Geier v. Sundquist, 372 F.3d 784 (6th Cir. 2004) | 7 |
| Norman v. Housing Authority of City of Montgomery, 836 F. 2d 1292 (11th Cir. 1988). | 7 |
| Steven Brother v. BFP Investments, Ltd., Case No. 03-60129-Civ-Marra/Dube (S.D. Fla. 2005) | 7 |
| Access 4 All, Inc.v. Park Lane Hotel, Inc., Case No. 04-cv-7174 (S.D.N.Y. 2005) | 7 |
| Access 4 All, Inc.v . Hi 57 Hotel LLC, Case No. 04-cv-6620 (S.D.N.Y. 2006) | 7 |
| Access 4 All, Inc.,v. Trump Int'l Hotel, Case No. 1:04-cv-07497-RJS (S.D.N.Y 2008) | 7 |
| James Depot v. Wash Holdings, 489 F.Supp.2d. 1342 (2007) | 7 |
| Lane v. Acquisitions and Management Co., 554 F.7 Supp. 2d 1345 (2008) | 7 |
| Topp. Inc. v. Uniden America Corp., 2007, U.S. Dist., Lexis 53750 (S.D.FL. July 25, 2007) | 7 |
| Lani v. State of New Jersey, 259 F.3d 146 (3rd Cir. 2001) | 8 |

Dowdell v. City of Apopka, 698 F.2d 1181 (1983)    9

Robins v. Scholastic Book Fairs, 928 F.Supp. 1027 (D. Or. 1996)    10

Ziter v. Vista Designs, Inc., Case No. 00-7137-Civ-Lennard (S.D.Fla. 2001)    10

Association of Disabled Americans, Inc. v. North Beach Shopping Center, Inc.,    10
Case No. 97-133-Civ-Highsmith

Association for Disabled Americans, Inc. et al. v. Motiva Enterprises, L.L.C.,    10
Case No. 99-580-Civ-Jordan/Bandstra,

Advocates for the Disabled, et al. v. Boulevard Motel Corporation,    11
Case No. 99-6833-Civ-Highsmith/Garber

## FACTS

The Plaintiff, MIKE COSTELLO, a wheelchair bound individual, brought this action against Defendant HAI SUN CHINESE RESTAURANT, INC. d/b/a HAI SUN RESTAURANT and Defendant 651 REALTY, LLC, claiming that the Defendants, are the lessee, operators and/or owners of the real property (hereinafter the "Subject Facility"), and/or the owner of the improvements where the Subject Facility is located. The facility commonly referred to as HAI SUN RESTAURANT, located at 651 Flatbush Avenue, Brooklyn, New York, and that said Subject Facility is a public accommodation, by 28 C.F.R. Part 36.104 and is in violation of the American With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"), because architectural barriers exist at the said property which prevent the Plaintiff and other disabled individuals from equally using and enjoying the goods and services offered at the Subject Facility.

A copy of the Amended Summons and Amended Complaint was served on Defendant Hai Sun Chinese Restaurant NY INC., d/b/a Hai Sun Chinese Restaurant on February 17, 2011, and said Defendant failed to file any responsive pleading with the Court.  A copy of the Amended Summons and Amended Complaint was served on Defendant 651 Realty NY LLC, on March 10, 2011, and said Defendant failed to file any responsive pleading with the Court. On April 11, 2011, the Clerk of the Court entered Certificates of Default against defendant Hai Sun Chinese Restaurant NY Inc. and 651 Realty, NY, LLC.

The Plaintiff, MIKE COSTELLO, brought this action seeking declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"), and attorneys' fees and costs are

to be paid by the Defendant pursuant to Pursuant to 42 U.S.C. § 12205, the New York City Human Rights Law § 8-502 (f ), and 28 C.F.R. 36.505.

## ARGUMENT

I.   ATTORNEYS' FEES

Attorneys' fees, expert fees, litigation expenses and costs are recoverable under the ADA, 42 U.S.C. § 12205.  To recover attorneys fees under 42 U.S.C. § 12205 a Plaintiff must be a prevailing party. Buckhannon Bd & Care Home, Inc. v. W.Va. Dep't of Health & Human Res., 532 U.S. 598 (2001).  In order to be a "prevailing party" under Buckhannon, a Plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned. Roberson v. Giuliani, 346 F.3d 75 (2d Cir. 2004); American Disability Association, Inc., v. Chmielarz, 289 F.3d 1315 (11th Cir. 2002); Habich v. City of Dearborn, 331 F.3d 524 (6th Cir. 2003); Barrios v. Cal. Interscholastic Federation, 277 F.3d 1128 (9th Cir. 2002).  Accordingly, in this instant matter, Plaintiff is the prevailing party against the Defendant, and is entitled to reasonable attorneys' fees, expert fees and costs.

In a civil rights case, the amount of an award of attorneys' fees is determined by using the "lodestar" method: the value of a lawyer's service is calculated by determining a reasonable hourly rate for the provisions of legal services and multiplying that rate by hours reasonably expended. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1401 (6th Cir. 1995).  A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience and reputation.  Blum v. Stenson, 465 U.S. 866, 895 (1984); Gaines v.

Doughtery County Bd. of Education, 775 F. 2d 1565, 1571 (11th Cir. 1985); Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004).

With respect to the issue of hourly rate, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of the witnesses as to value." Norman v. Housing Authority of City of Montgomery, 836 F. 2d 1292, 1303 (11th Cir. 1988).

Plaintiff's counsel has applied the hourly rate of $425 per hour for Adam Shore, Esq. and $425 per hour for B. Bradley Weitz, Esq. The hourly rate sought in this case is within the range of rates charged by other attorneys in similar cases with similar legal experience. Plaintiff's counsel have a significant amount of experience regarding disability law and the ADA, having been counsel on numerous similar type cases. Other civil rights and labor and unemployment attorneys with similar legal experience to Plaintiff's counsel have been awarded $350 to $551, in jurisdictions spanning from Florida to New York. Steven Brother v. BFP Investments, Ltd., Case No. 03-60129-Civ-Marra/Dube (S.D. Fla. 2005) (awarding $385 per hour in a Title III ADA action); Access 4 All, Inc.v. Park Lane Hotel, Inc., Case No. 04-cv-7174 (S.D.N.Y. 2005) (awarding $350 per hour); Access 4 All, Inc.v . Hi 57 Hotel LLC, Case No. 04-cv-6620 (S.D.N.Y. 2006) (awarding $350 per hour); Access 4 All, Inc.,v. Trump Int'l Hotel, Case No. 1:04-cv-07497-RJS (S.D.N.Y 2008) ($375 per hour); James Depot v. Wash Holdings, 489 F.Supp.2d. 1342 (S.D.Fl., May 14, 2007) (awarding $450 per hour); Lane v. Acquisitions and Management Co., 554 F.7 Supp. 2d 1345 (S.D. FL. May 9, 2008) (awarding $450 per hour); Topp. Inc. v. Uniden America Corp., 2007, U.S. Dist., Lexis 53750 (S.D.FL. July 25, 2007) (awarding $551 per hour).

Accordingly, it is clear that the rate of $425 per hour for Plaintiff's attorneys for work performed in this case is well within the customary range of rates charged by other attorneys with similar legal experience, and within the range awarded by other Courts.

In determining the reasonableness of the attorney's hourly rate, the Court should utilize the following criteria:

1. <u>The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.</u>

Considerable time and labor were required to obtain a Order Of Default Judgment against the Defendant. Plaintiff filed this action requesting that said Defendant timely remove barriers to access its facility, so that Plaintiff and other wheelchair bound persons could avail themselves of the same goods and services enjoyed by the public. Rather than promptly agreeing to bring its facility into ADA compliance, the Defendant failed to even Answer the Complaint.

2. <u>The fee customarily charged in the locality for similar legal services.</u>

In determining the reasonableness of the fees and hourly rate, it is appropriate to consider rates awarded in other cases to other attorneys with similar experience to Plaintiff's counsel. The current market rate is the rate at the time of the Fee Petition, not the rate at the time the services were preformed. This takes into account the delay in payment. <u>Lani v. State of New Jersey,</u> 259 F.3d 146, 149-50 (3d Cir. 2001). Additionally, in considering the rates awarded in prior cases, Courts adjust rates upward to account for inflation.

3. <u>Retainer Agreement</u>

The Retainer Agreement in this case permits for the attorney to be reimbursed for attorneys' fees and costs.

## II. COSTS

We turn now to the items requested to be taxed as costs in the case. Filing fee, service of process fee, Federal Express charges, etc., are not unusual. These items were awarded by the Courts in Brother, supra, and Absecon, supra, and Dowdell v. City of Apopka, 698 F.2d 1181, 1192 (11th Cir. 1983).

Furthermore, pursuant to 42 U.S.C. § 12205, in an ADA cases, a party may also recover expenses normally not available under 28 U.S.C. § 1920. Dowdell v. City of Apopka, supra. In Dowdell, a civil rights case involving fees and costs under 42 U.S.C. § 1988, the 11th Circuit reversed the District Court's refusal to tax travel, telephone and postage expenses as costs against the Defendant. The Court stated as follows:

> Where cost-shifting is expressly authorized the Statute, "the traditional limitations of Rule 54(d) and 28 U.S.C. § 1920 and 1923(a) do not apply." Id. at 1188-89. We hold, with the exception of routine office overhead normally absorbed by its practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under Section 1988. As is true in other applications of Section 1988, the standard of reasonableness is given a liberal interpretation.

In the case at bar, the costs of The Law Office of Adam Shore and B. Bradley Weitz, Esq., total $2,070.00 as set forth in attached Exhibit "A". For clarification, Plaintiff's counsel would show that the costs and expenses totaling $2,070.00 includes $1,500 for the expert pre-suit inspection, which if calculated separately, leaves a balance for costs in the amount of $570.00.

## III. EXPERT FEES

Plaintiff's counsel also requests the payment of expert fees. While expert fees are not normally permitted under the fee-shifting statutes, they are when specifically allowed by statute. Expert witness fees are allowable under the Act and were vital to Plaintiff's

9

attorneys' litigation expenses. In Robins v. Scholastic Book Fairs, 928 F.Supp. 1027, 1036 (D. Or. 1996) (finding that litigation expenses include the costs of expert witnesses). Likewise, in Ziter v. Vista Designs, Inc., Case No. 00-7137-Civ-Lennard (S.D.Fla. 2001), the Court awarded the Plaintiff's expert witness fees on the basis that expert witness fees are considered "litigation expenses." See Ziter at 5 citing Robins at 1036 ("litigation expenses include the costs of expert witnesses.")

As explained in Appendix B to 28 C.F.R. Par 36 (p. 640) – PREAMBLE TO REGULATION ON NONDISCRIMINATION ON THE BASIS OF DISABILITY BY PUBLIC ACCOMMODATIONS AND IN COMMERCIAL FACILITIES (PUBLISHED JULY 26, 1991),

> Section 36.505 states that Courts are authorized to award attorneys fess, including litigation expenses and costs, as provided in Section 505 of the Act. Litigation expenses include items such as expert witness fees, travel expenses, etc.. The Judiciary Committee Report specifies that such items are included under the rubric of "attorneys fees"… [emphasis added].

In Dowdell, the Court held that Courts have long awarded expenses liberally (including expert fees) as part of the costs in civil rights litigation and that "…fees under the Act must include reasonable expenses because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs litigation," Dowdell, supra, at 1188-1190. The liberal approach is taken in order to encourage the private enforcement of the ADA, Id. at 1191. Experts are necessary in ADA actions and the Federal Court has continually awarded expert fees in actions to enforce the American with Disabilities Act. In Association of Disabled Americans, Inc. v. North Beach Shopping Center, Inc., Case No. 97-133-Civ-Highsmith, the Court awarded expert fees of $185.00 per hour. In Association for Disabled Americans, Inc. et al. v. Motiva Enterprises, L.L.C.,

10

Case No. 99-580-Civ-Jordan/Bandstra, the Court awarded expert fees in the amount of $12,339.95, based on an hourly rate of $185. In <u>Advocates for the Disabled, et al. v. Boulevard Motel Corporation,</u> Case No. 99-6833-Civ-Highsmith/Garber, the Court awarded expert fees in the amount of $2,000.00. Further, in <u>Motiva L.L.C.,</u> supra, the Court stated that:

> It is within the Court's discretion to award a prevailing party under the ADA, not only the attorneys' fees, but also expert fees. See, 42 U.S.C. § 12117(a) (stating that the powers, remedies, and procedures available under Title VII, 42 U.S.C. § 2000e-5 are available under the ADA); See, also 42 U.S.C. § 12205.

## IV.   DAMAGES

The Plaintiff demands ONE-THOUSAND DOLLARS ($1,000.00) in compensatory damages based on the Defendants' violation of the New York City Human Rights Law and the New York State Human Rights Law. The Plaintiff demands compensable damages in the amount of one-thousand dollars ($1000.00) due to mental anguish and emotional distress suffered by him as a result of being denied full and equal access to, and full and equal enjoyment of, the facilities, privileges, benefits and accommodations within the restaurant known as Hai Sun Chinese Restaurant.

## V.   CONCLUSION

As hereinbefore explained, the Plaintiff's attorney's fees, costs and litigation expenses including expert fees are as follows:

(a)   To date, in regard to the aforementioned, the Plaintiff has incurred $13,132.50 for attorneys' fees based on an hourly rate of $425 per hour for legal services by the undersigned attorneys for the Plaintiff, Adam T. Shore, Esq. and B. Bradley Weitz, Esq.

(b) Attached, as Exhibit "A", is the detailed itemization showing the number of hours reasonably expended, the basis for those hours, and the hourly rates charged. Plaintiff's counsel certifies that he has fully reviewed the time records and supporting data and that the Motion is well grounded in fact and is justified.

WHEREFORE, it is respectfully requested that the Court award the Plaintiff's undersigned counsel attorneys' fees, expert fees and costs, to be paid by the Defendants HAI SUN CHINESE RESTAURANT NY INC., d/b/a HAI SUN CHINESE RESTAURANT, and 651 REALTY, NY, LLC, in the sum of $15,202.50.  It is also respectfully requested that the Court award the Plaintiff $1,000 in compensatory damages to be paid by the Defendants

Dated: New York, New York
September 2, 2011

Respectfully submitted,

s/ Adam T. Shore_____
Adam T. Shore, Esq.  (AS4825)
Law Office of Adam Shore
Attorney for Plaintiff
100 Park Avenue, Suite 1600
New York, New York 10017
Telephone:   (646) 476-4296
Facsimile:   (646) 390-7422
Email:        atsesq@gmail.com

&

s/ B. Bradley Weitz, Esq._____
B. Bradley Weitz, Esq. (BW9365)
The Weitz Law Firm, P.A.
Attorney for Plaintiff
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160
Telephone: (305) 949-7777
Facsimile:  (305) 704-3877
Email: bbw@weitzfirm.com

**SERVICE LIST**

MIKE COSTELLO vs. HAI SUN CHINESE RESTAURANT NY Inc. d/b/a Hai Sun Restaurant
NY INC. and 651 REALTY, NY, LLC
Case No.: 11 Civ. 0280 (KAM) (CLP)
United States District Court, Eastern District Of New York

Hai Sun Chinese Restaurant
651 Flatbush Avenue
Brooklyn, NY 11225

651 Realty NY, LLC
247 Bay 43rd Street
Brooklyn, New York 11214-6701

651 Realty NY, LLC
651 Flatbush Avenue
Brooklyn, New York 10025

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------x
MIKE COSTELLO,

        Plaintiff,                 **Civil Action No. 11cv0280 (KAM)(CLP)**
                                                         **ECF CASE**

  v.

                                                         **CERTIFICATE OF SERVICE**

HAI SUN CHINESE RESTAURANT
NY INC., a New York corporation,
d/b/a HAI SUN RESTAURANT,
and 651 REALTY, LLC, a New York
limited liability company,

        Defendants.
_____/

      I, Adam T. Shore, hereby certify that I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document and its Exhibits are being served via first class mail upon: Hai Sun Chinese Restaurant, 651 Flathbush Avenue, Brooklyn, NY 11225, 651 Realty NY, LLC, 247 Bay 43rd Street, Brooklyn, New York 11214-6701, 651 Realty NY, LLC, 651 Flatbush Avenue, Brooklyn, New York 10025, this 2nd day of September 2011.


                                                        s/ Adam Shore, Esq._____
                                                        Adam T. Shore, Esq. (AS4825)
                                                        Law Office of Adam Shore
                                                        Attorney for Plaintiff
                                                        100 Park Avenue, Suite 1600
                                                        New York, New York 10017
                                                        Telephone: (646) 476-4296
                                                        Facsimile: (646) 390-7422
                                                        Email: atsesq@gmail.com