UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MIKE COSTELLO


                Plaintiff,                <u>NOTICE OF MOTION</u>

                                           11-CV-00280 (CLP)

     -against-


HAI SUN CHINESE RESTAURANT NY INC. and
651 REALTY NY, LLC

-------------------------------------------------------------------x

SIRS:

                PLEASE TAKE NOTICE that upon the attached affirmation of Jesse Hamilton, Esq., affirmed September 29, 2011, defendant will move this court, Hon. Cheryl L. Pollak, U.S.D. J. in Room _____ United States Courthouse 225 Cadman Plaza East, Brooklyn, NY  11201 on the (date to be set by Court _____ day of October, 2011 at _____ or as soon thereafter as counsel can be heard, for an order 1) setting aside Plaintiff's Default  Judgment and Order pursuant to Rule 60(b)  of the Federal Rules of Civil Procedure granted against the defendants on April 11, 2011 ; 2) vacating Plaintiff's Default Judgment and Order granted pursuant to Rule 55(b) of the Federal Rules of Civil Procedure against the defendant on April 11, 2011; 3) further allowing the defendant to file an answer, a true and correct copy of which is attached to this motion and; 4**)** together with such other and further relief as to this Court may seem just and proper.


Dated:  Brooklyn, New York
          September 30, 2011

Yours, etc.,


s/Jesse E. Hamilton
Jesse E. Hamilton, Esq.(JH1963)
Attorney for Defendant(s)
Office & P.O. Address
910 Lincoln Place
Brooklyn, New York  11213
917-553-7953  Tel.
718-778-8924   Fax
Jessehamilton3@gmail.com


To:    Adam T. Shore, Esq. (AS4825)
        Attorney for Plaintiff
        Law Office of Adam Shore
        100 Park Avenue,Suite 1600
        New York, New York  10017


        B. Bradley Weitz, Esq. (BW9365)
        The Weitz Law Firm, P.A.
        Attorney for Plaintiff
        Bank of America Building
        18305 Biscayne Blvd., Suite 214
        Aventura, Florida 33160

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MIKE COSTELLO

                     Plaintiff,           <u>AFFIRMATION IN SUPPORT</u>

                                       11-CV-00280

       -against-

HAI SUN CHINESE RESTAUANT NY INC. and
651 REALTY NY, LLC

-------------------------------------------------------------------x

JESSE HAMILTON, an attorney duly admitted to practice law in the State of New York,

respectfully affirms as follows under penalties of perjury:

      1.     I am the attorney for the Defendants, HAI SUN CHINESE

RESTAURANT INC. and 651 REALTY NY, LLC [1], in the within action and as such am

fully familiar with the facts and circumstances surrounding this matter.

      2.     I submit this Affirmation in Support of the within motion which seeks

an Order 1) setting aside Plaintiff's Default  Judgment and Order pursuant to Rule 60(b)

of the Federal Rules of Civil Procedure granted against the defendants on April 11, 2011;

2) vacating Plaintiff's Default Judgment and Order granted pursuant to Rule 55(b) of the

Federal Rules of Civil Procedure against the defendant on April 11, 2011 and 3) to

further allow the defendant to file an answer, a true and correct copy of which is attached

to this motion.

      3.     First, the Defendants were never served with a copy of the Summons and

---

[1]It should be noted that the caption names the entity as 651 Realty NY, LLC, however, the correct name of the entity is 651 Realty NY, Inc. as registered with the New York Department of State

Complaint in this action.  The only time that they became aware that there was an action pending against them was when they received in the mail a copy of the Order dated August 3, 2011 setting the matter down for an inquest after the Plaintiff was granted a default judgment.

4.     The Defendants retained me on September 16, 2011 because they did not understand what the Order was about.  The Defendants are Chinese and Chinese is there native language.  Not only do they have no understanding of the law, but there is a language barrier.   After being retained I was able to make copies of the documents that had been filed with the Court.  Based on the documents I obtained I discovered and explained to the Defendants that they were being sued for allegedly violating the Americans With Disabilities Act.  The Plaintiff alleges that he is wheelchair bound and did not have proper access to the Defendant's restaurant (i.e. the counter was too high)   I discovered that the only affidavit of service filed was the one made on the Secretary of State.  There is no indication that the Defendants were personally served with the Summons and Complaint.  Based upon all of the above, I immediately made an application to the court requesting that the Inquest be adjourned and that the Defendants be allowed time to file a motion to vacate.  I also discovered that the Plaintiff initially served the Defendants at the wrong address and with a caption that had three (3) business names.  One of the businesses, Hawthorne St. Associates had nothing to do with these defendants and it was located at a different address.  They then amended the Summons and Complaint.   I ultimately discovered that the Plaintiff's attorney had filed four (4) actions with the same exact language against four (4)  businesses.  He filed the same exact action, with the same boiler plate language against a Chinese, Jamaican, Italian and

Mexican restaurant all on Flatbush Avenue, Brooklyn, New York.  Right away this is suspicious of fraud.

5.      The Defendants did not willfully default in this action, they have a meritorious defense and vacating the default will not in any way prejudice the Plaintiff.

6.      Default judgments are generally disfavored as the law prefers decisions based on the merits.  *United States v. Cirami,* 563 F.2d 26,33 (2d Cir. 1977)  "A motion to vacate a default judgment is addressed to the sound discretion of the district court."  *New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005)   "A default judgment is an extreme remedy that should only be granted as a last resort."   "While the Second Circuit has recognized the "push on a trial court to dispose of cases, that in disregard of the rules, are not processed expeditiously [and] …delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "afford litigants a reasonable chance to be heard."  " Thus in light of the "oft-stated preference for resolving disputes on the merits, "defaults are "generally disfavored" and doubts should be resolved in favor of the defaulting party."  *U.S. v. Kadoch,* Slip Copy 2011 2680510 E.D.N.Y., 2011  See also, *Enron Oil Corp. v. Diakuhara* 10 F.3d at 95-96

7.      In the Federal Rules of Civil Procedure, Rule 55(c) provides that "the court may set aside an entry of default for good cause, and may set aside a default judgment under rule 60(b).  Fed. R. Civ. P. 55(c).   Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve
> A party or its legal representative from a final
> judgment, order, or proceeding for the following
> reasons:

1)  mistake, inadvertence, surprise, or excusable
    neglect;
2)  newly discovered evidence that, with reasonable
    diligence, could not have been discovered in time
    to move for a new trial under Rule 59(b);
3)  fraud (whether previously called intrinsic or
    extrinsic), misrepresentation, or misconduct
    by an opposing party;
4)  the judgment is void;
5)  the judgment has been satisfied, released or
    discharged; it is based on an earlier judgment that
    has been reversed or vacated; or
    applying it prospectively is no longer equitable;
    or
6)  any other reason that justifies relief.

8.      "The factors that are used to determine whether to set aside a default under

Rule 55 (c) or a default judgment under Rule 60 (b) are the same."  See, *U.S. v.

Kadoch* and *Enron Oil Corp. v. Diakuhara*  "However, it is well established that

"a motion to vacate a default is subject to a less rigorous standard than applies to a

Rule 60(b) motion to vacate a default judgment."  In *Enron Oil Corp. v.

Diakuhara*  the court found that "although the same factors are applied to

determining whether to vacate a default or default judgment , "courts apply the

factors more rigorously in the case of a default judgment…because the concepts

of finality litigation repose are more deeply implicated in the latter action."

"Under this standard, the court should consider the following factors: "1)whether

the default was willful; 2) whether setting aside the default would prejudice the

adversary and 3) whether a meritorious defense is presented."  "The court may

consider other factors, such as whether the failure to follow a rule of procedure

was a mistake made in good faith and whether the entry of default would bring

about a harsh or unfair result."

9.      The defendants  were not personally served with the Summons and
Complaint and only learned of this action after having received a copy of the
Order dated August 3, 2011 setting the matter down for an inquest.  They did not
and could not willfully fail to respond to the pleadings as they never received
them.  When they did receive a copy of the Order they did not understand what it
was all about as they have a language barrier due to the fact that they speak
Mandarin Chinese.  Therefore, the judgment is void and should be vacated.    This
would also be equivalent to excusable neglect as provided for in Federal Rule of
Civil Procedure 60(b).      Prior to the Plaintiff amending the Summons and
Complaint, the initial service of the Summons and Complaint was served on the
wrong address.  It was served to 661 Flatbush Avenue, Brooklyn, NY and the
caption had another business name, 2 Hawthorne St. Associates, LLC, which has
no connection to the Defendants in this action.  Essentially, the Plaintiff had a
caption with three business defendants being sued at the same address and proof
of service that they were being served at the same address.                              .

10.      In *U.S. v. Kadoch* the court held "where a default judgment is obtained in
the absence of personal jurisdiction,  that judgment is void and must be vacated."
Similarly in *Kadoch*, the Defendant sought to vacate the default on the grounds
that the Complaint was never properly served.  There the Defendant first learned
of the action when he received the Writ of Garnishment at which time he
immediately contacted the court to request that the default judgment be vacated.
The same situation applies to this matter.  The Defendants first learned of the
action when they received a copy of the Order setting the matter down for an

Inquest.  The court in *Kadoch* found that "a court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the default is sought, 'which also means that he must have been effectively served with process."

11.     The Supreme Court held in *Henderson v. United States,* 517 U.S. 654, 672,116 S. Ct. 1638, 134 L.Ed.2d 880 (1996) that "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections."

12.     "It is well established that "when the defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service."  See *U.S. v. Kadoch*

The Defendants in the present matter were never personally served with a copy of the Summons and Complaint.

13.     In addition, even if the court finds that the Defendants were properly served the default and/or default judgment should be set aside based on the three factors in *Enron:*   "1)whether the default was willful; 2) whether setting aside the default would prejudice the adversary and 3) whether a meritorious defense is presented."

14.     "The first factor, willfulness, encompasses conduct that "is deliberate or egregious or is carried out in bad faith."  *Hernandez v. La Cazuela de Mari Restaurant, Inc.,* 538 F. Supp. 2d 528, 532 (E.D.N.Y. 2007)

The Defendants in this matter were in no way willful in failing to answer.
Because of their language barrier they did not even understand what the action
was all about.  Based on that alone, they show no evidence of willfulness.
Nothing about this is deliberate or egregious or in bad faith.  When the
Defendants received the Order of Inquest they immediately sought legal counsel,
which in and of itself is not evidence of willfulness, egregiousness or bad faith.

15.     Setting aside the default would in no way prejudice this Plaintiff.   In
*Addison v. Reitman Blacktop, Inc.,* 272 F.R.D. 72, E.D.N.Y., 2010  the court held
that "a plaintiff may demonstrate prejudice by showing that his 'ability to pursue
the claim has been hindered since the entry of judgment' or by 'the loss of
available evidence, increased potential for fraud or collusion, or substantial
reliance upon the judgment…In this context, the 2nd Circuit has found that delay
alone is insufficient to establish prejudice."

16.      In this matter there is no evidence that may have been lost or
destroyed.   Even if the matter is delayed the Plaintiff still has the ability to pursue
his claim.

17.     The last fact to be considered is whether the Defendant has a
meritorious defense.  The court held in *Addison* "to satisfy the criterion of a
'meritorious defense,' the defense need not be ultimately persuasive at this stage.
A defense is meritorious if it is good at law so as to give the fact finder some
determination to make."

18.     In this matter the Plaintiff has failed to show that he is a person with a

disability with the scope of the Americans With Disabilities Act (hereinafter referred to as "ADA")  In *Access 4 All, Inc. v. Trump International Hotel and Tower Condominium,* 458 F. Supp.2d 160 the court stated that the ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).  Courts must engage in a three step analysis to determine whether a person has a disability: 1) determine whether plaintiff has an impairment; 2) identify the life activity upon which plaintiff relies and determine whether it constitutes a "major life activity" within the  meaning of the ADA; and 3) ask whether  the impairment has substantially limited that activity.  "In order to be eligible to prevail upon a further showing of discrimination, a plaintiff must satisfy each of the three prongs.

19.    The Court held in *Levine v. Smithtown Central School District,* 565 F. Supp.2d 407, "In determining whether a limitation is 'substantial,' courts consider the nature and severity of the impairment, the duration or expected duration of the impairment, and the permanent or long term impact of or the expected long term impact of or resulting from the impairment…For purposes of the ADA, short term, temporary restrictions  are not 'substantially limiting' and do not render a person 'disabled.'  The Court cited *Adams v. Citizens Advice Bureau,* 187 F.3d 315, 316-17 (2d Cir. 1999) where the Court held that "to establish a disability under the ADA, there must be some proof of permanency." "In other words, the limitation on the claimed major life activity cannot be temporary. (temporary neck, back, and knee

injury lasting three and a half months not a disability)" "(temporary, non-chronic

impairments of short duration, with little or no long-term or permanent impact, are

usually not disabilities.)"  See also, *Williams v. Salvation Army,* 108 F. Supp2d. 303,

312-13 (S.D.N.Y 2000)

20.     The Court held in *Levine* "to raise an issue of fact as to whether a

claimed impairment substantially limits a major life activity, a plaintiff must present

more than mere conclusory allegations.  Rather, a plaintiff must provide specific

information detailing the nature and length of the limitation, together with supporting

medical evidence regarding the duration and severity of the impairment's impact on the

major life activity at issue.

21.     The Plaintiff merely states that he was in a "wheelchair" at the time of

allegedly visiting the Defendant's restaurant.   Without further evidence one cannot

discern what type of disability, if any, the Plaintiff suffers from.  He does not indicate any

proof or medical evidence that he suffers from a disease or a condition that impacts a

major life activity.   It is possible that the Plaintiff  had a broken leg or two broken legs at

the time that he allegedly visited the Defendant's restaurant.  It may have been a

temporary disability.   Therefore, based on that alone it is difficult if not impossible to

determine whether the Plaintiff has an impairment.  Without this information prongs (2)

and (3) of the three step analysis cannot be determined.  One cannot determine if just

being in a wheelchair the life activity upon which the Plaintiff relies, whether it is a major

life activity nor if the impairment has substantially limited that activity.

22.     Furthermore, there is a question as to whether the Plaintiff even has

standing to bring this claim.   "Federal jurisdiction is limited by Article III, §2, of the

U.S. Constitution to actual cases and controversies.  To show  Article III standing, a

plaintiff has the burden of proving: (1) that he or she suffered an "injury in fact," (2) a

causal relationship between the injury and the challenged conduct  and (3) that the injury

likely will be redressed by a favorable decision."*Small v. General Nutrition Companies,*

*Inc.,* 388 F. Supp. 2d 83  The court held that "an injury in fact"  is a harm that is

"concrete and particularized" and "actual or imminent, not conjectural or hypothetical."

     *23.*     The Plaintiff in this matter fails to state an exact date or time when he

visited the Defendant's place of business.   With that he merely states in his amended

complaint that he continues to desire to visit in the future.   "Intent to return to the place

of injury "some day" is insufficient."  See *Small*

There is a question of fact as to whether this Plaintiff suffered an injury in fact at all.  If

he cannot prove that he suffered an injury in fact then there can be no causal relationship

between the injury and the challenged conduct  and  that the injury likely will be

redressed by a favorable decision.

     24.     Additionally, there is evidence that the Plaintiff's counsel, as was

alleged  in *Small,* has "manufactured this litigation through fraud for the purpose of

collecting attorneys' fees.  Indeed, at  least two courts have dismissed case for lack

of standing where the named plaintiff was s serial ADA litigant."  See also,

*Rodriguez v. Investco, LLC.,* 305 F.Supp.2d 1278, 1285 (M.D.Fla.2004).

     25.     After further investigation, it has been discovered that this same

Plaintiff brought the same exact actions against four (4) other places of business

making the same exact claim that that he was discriminated against because the place

of business violated the American with Disabilities Act.  Interestingly, enough the

Plaintiff brought the same exact claim against a Chinese, Italian, Jamaican and Mexican

Restaurant all in the same locations, Flatbush Avenue, Brooklyn,NY    All actions filed

on the same day.  One of the actions is ERROL MILLER , d/b/a ERROL'S BAKERY &

CATERING, and 2 HAWTHORNE ST. ASSOCIATES, Index No.: CV 11-0281

26.    This clearly suspicious of manufactured litigation through fraud for the

purpose of collecting attorney's fees.  If a person wanted to go out to eat, why would they

attempt to eat at a Chinese, Italian, Jamaican and Mexican restaurant and allege

discrimination unless profit was the motive, when it does not even appear that the

Plaintiff lives in the neighborhood?  This is clearly a lawsuit based on pure profit and

attempting to exploit a loophole in the federal law.

27.    One would have to question, how much investigation was done on the

part of the Plaintiff's attorney when all four actions, have the same exact boiler plate

language.  Only the captions were changed.  This is highly suspicious of fraud and should

not be allowed to continue.

28.    Finally, if this court grants the Defendants motion to vacate the default

judgment and set aside the judgment, the Defendant will immediately file an answer

to the Complaint (See copy of proposed Answer annexed hereto as Exhibit "A")

**WHEREFORE**, Defendant respectfully requests that an

order be issued 1) setting aside Plaintiff's Default  Judgment and Order pursuant to Rule

60(b) of the Federal Rules of Civil Procedure granted against the defendants on April 11,

2011;  2) vacating Plaintiff's Default Judgment and Order granted pursuant to Rule 55(b)

of the Federal Rules of Civil Procedure against the defendant on April 11, 2011 and 3) to

further allow the defendant to file an answer,  together with such other and further relief

as to this Court may seem just and proper.

Dated:  Brooklyn, New York
             September 29, 2011

                                                         s/Jesse E. Hamilton
                                                          Jesse E. Hamilton, Esq.(JH1963)
                                                         Attorney for Defendant(s)
                                                         Office & P.O. Address
                                                         910 Lincoln Place
                                                         Brooklyn, New York  11213
                                                         917-553-7953  Tel.
                                                         718-778-8924   Fax
                                                          Jessehamilton3@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MIKE COSTELLO

                        Plaintiff,                 <u>AFFIDAVIT OF MERIT</u>

                                                    11-CV-00280 (CLP)

       -against-

HAI SUN CHINESE RESTAURANT NY INC. and
651 REALTY NY, LLC

-------------------------------------------------------------------x

Defendant,  Choi Fuk Chan, deposes and says:

    1.   I am the Defendant in the within action and make this Affidavit in

Support of the motion which seeks an Order: 1) setting aside Plaintiff's Default

Judgment and Order pursuant to Rule 60(b)  of the Federal Rules of Civil Procedure

granted against the defendants on April 11, 2011; 2) vacating Plaintiff's Default

Judgment and Order granted pursuant to Rule 55(b) of the Federal Rules of Civil

Procedure against the defendant on April 11, 2011 and 3) to further allow the defendant

to file an answer, a true and correct copy of which is attached to this motion.

    2.   I am the owner and Chief Executive Officer of 651 Realty, LLC and the landlord

of 651 Flatbush Avenue, Brooklyn, NY  11225 in which Hai Sun Chinese Restaurant is

located.

    3.   I was never aware that a lawsuit had been filed against me and my place of

business.  The first time that I became aware that there was a case against my business was when I received in the mail a document that indicated that the Court was holding an inquest.

4.   I did not understand this document due to the fact that I have a limited understanding of the law and the English language.  I immediately retained an attorney, Jesse Hamilton, Esq..  After he was able to look into the matter and obtain copies of the Court file, he explained to me that I was being sued by a man named, Mike Costello, whom I have no knowledge of, because I allegedly violated the Americans With Disability Act.  He explained me to that the Plaintiff, Mike Costello, had obtained a default judgment against me because he says that I failed to answer the complaint.

5.   I would like the opportunity to defend myself against this lawsuit.  I did not willfully fail to answer the complaint in this action.  I never received a copy of the summons and complaint.   My attorney told me that the Plaintiff served two separate businesses at the same address.  He also served several businesses in the area with the same type of action.

6.   Furthermore, I feel that I have a meritorious defense in this action.    There is no valid evidence that the Plaintiff ever visited Hai Sun Chinese Restaurant.  At no time in the Plaintiff's Amended Complaint does he state the date and time of visiting the restaurant.  He merely says that he visited prior to filing the lawsuit.   As far as I know the business is wheelchair accessible.

7.   The Plaintiff also has not shown sufficient evidence that he is a person with a

disability.  He merely states that he was in a wheelchair at the time of allegedly visiting

the restaurant.  Why was he in a wheelchair?  What is his disability?  He does not state

this in his complaint.  He may have had a temporary disability like a broken leg or legs.

8.   Additionally, my attorney did an investigation and discovered that this Plaintiff

has brought a lawsuit against numerous other businesses making the same claims.  It

appears that this Plaintiff is making a living suing businesses that he has never visited.

This appears to be a pattern of common scheme and design.

9.   The papers that my attorney copied do not show any affidavit of having served me

the Summons and Complaint.  It only shows that the Secretary of State was served.

However, the Plaintiff sent me a copy of the Inquest Order in the mail after he was

granted the default judgment.  This is very suspicious.

10.   Vacating the default judgment and allowing me to defend myself will not cause

any prejudice to the Plaintiff.  It will not harm him in anyway.

11.   I am a very hard working Chinese immigrant, who has worked ten (10) hour

days for over twenty five (25) years.  I am being sued by a person who I have never met

or seen.  This person is turning my American dream into a nightmare.  I pray upon the

Court to allow me my day to defend myself in this action.

12.   I respectfully ask of this Court to set aside and vacate the default judgment

against me and allow me to submit an answer to the complaint in this action and defend

myself.  There are many questions that can only be decided by this Court.

WHEREFORE, your deponent respectfully requests that an order

be issued 1) setting aside Plaintiff's Default  Judgment and Order pursuant to Rule 60(b)

of the Federal Rules of Civil Procedure granted against the defendants on April 11, 2011;

2) vacating Plaintiff's Default Judgment and Order granted pursuant to Rule 55(b) of the

Federal Rules of Civil Procedure against the defendant on April 11, 2011 and 3) to

further allow the defendant to file an answer,  together with such other and further relief

as to this Court may seem just and proper.


                                        s/Choi Fuk Chan
                                         Choi Fuk Chan



Sworn to before me this 29th day of
September 2011


_____
Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

MIKE COSTELLO

                    Plaintiff,           <u>AFFIDAVIT OF MERIT</u>

                                                        11-CV-00280 (CLP)

        -against-

HAI SUN CHINESE RESTAURANT NY INC. and
651 REALTY NY, LLC

-------------------------------------------------------------------x

Defendant,  Qian Wei Chen, deposes and says:

1. I am the Defendant in the within action and make this Affidavit in
Support of the motion which seeks an Order: 1) setting aside Plaintiff's Default
Judgment and Order pursuant to Rule 60(b)  of the Federal Rules of Civil Procedure
granted against the defendants on April 11, 2011; 2) vacating Plaintiff's Default
Judgment and Order granted pursuant to Rule 55(b) of the Federal Rules of Civil
Procedure against the defendant on April 11, 2011 and 3) to further allow the defendant
to file an answer, a true and correct copy of which is attached to this motion.

2. I am one of the owners of Hai Sun Chinese Restaurant located at  651 Flatbush
Avenue, Brooklyn, NY  11225.

3. I was never aware that a lawsuit had been filed against me and my place of
business.  The first time that I became aware that there was a case against my business
was when I received in the mail a document that indicated that the Court was holding an
inquest.

4. I did not understand this document due to the fact that I have a limited

understanding of the law and the English language.  I immediately retained an attorney, Jesse Hamilton, Esq..  After he was able to look into the matter and obtain copies of the Court file, he explained to me that I was being sued by a man named, Mike Costello, whom I have no knowledge of, because I allegedly violated the Americans With Disability Act.  He explained me to that the Plaintiff, Mike Costello, had obtained a default judgment against me because he says that I failed to answer the complaint.

5.  I would like the opportunity to defend myself against this lawsuit.  I did not willfully fail to answer the complaint in this action.  I never received a copy of the summons and complaint.   My attorney told me that the Plaintiff served two separate businesses at the same address.  He also severed several businesses in the area with the same type of action.

6.  Furthermore, I feel that I have a meritorious defense in this action.    There is no valid evidence that the Plaintiff ever visited Hai Sun Chinese Restaurant.  At no time in the Plaintiff's Amended Complaint does he state the date and time of visiting the restaurant.  He merely says that he visited prior to filing the lawsuit.   As far as I know the business is wheelchair accessible.

7   The Plaintiff also has not shown sufficient evidence that he is a person with a disability.  He merely states that he was in a wheelchair at the time of allegedly visiting the restaurant.  Why was he in a wheelchair?  What is his disability?  He does not state this in his complaint.  He may have had a temporary disability like a broken leg or legs.

8.  Additionally, my attorney did an investigation and discovered that this Plaintiff

has brought a lawsuit against numerous other businesses making the same claims. It appears that this Plaintiff is making a living suing businesses that he has never visited. This appears to be a pattern of common scheme and design.

9. The papers that my attorney copied do not show any affidavit of having served me the Summons and Complaint. It only shows that the Secretary of State was served. However, the Plaintiff sent me a copy of the Inquest Order in the mail after he was granted the default judgment. This is very suspicious.

10. Vacating the default judgment and allowing me to defend myself will not cause any prejudice to the Plaintiff. It will not harm him in anyway.

11. I am a very hard working Chinese immigrant, who has worked ten (10) hour days for over ten (10) years. I am being sued by a person who I have never met or seen. This person is turning my American dream into a nightmare. I pray upon the Court to allow me my day to defend myself in this action.

12. I respectfully ask of this Court to set aside and vacate the default judgment against me and allow me to submit an answer to the complaint in this action and defend myself. There are many questions that can only be decided by this Court.

**WHEREFORE,** your deponent respectfully requests that an order be issued 1) setting aside Plaintiff's Default Judgment and Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure granted against the defendants on April 11, 2011;

2) vacating Plaintiff's Default Judgment and Order granted pursuant to Rule 55(b) of the

Federal Rules of Civil Procedure against the defendant on April 11, 2011 and 3) to

further allow the defendant to file an answer,  together with such other and further relief

as to this Court may seem just and proper.

<u>s/Qian Wei Chen</u>
 Qian Wei Chen

Sworn to before me this  29th day of
September 2011

_____
Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MIKE COSTELLO

                      Plaintiff,              <u>AFFIDAVIT OF MERIT</u>

                                          11-CV-00280 (CLP)

        -against-

HAI SUN CHINESE RESTAURANT NY INC. and
651 REALTY NY, LLC

------------------------------------------------------------------x

Defendant,  Xiang Lin Chen, deposes and says:


        1.   I am the Defendant in the within action and make this Affidavit in

Support of the motion which seeks an Order: 1) setting aside Plaintiff's Default

Judgment and Order pursuant to Rule 60(b)  of the Federal Rules of Civil Procedure

granted against the defendants on April 11, 2011; 2) vacating Plaintiff's Default

Judgment and Order granted pursuant to Rule 55(b) of the Federal Rules of Civil

Procedure against the defendant on April 11, 2011 and 3) to further allow the defendant

to file an answer, a true and correct copy of which is attached to this motion.

        2.   I am one of the owners of Hai Sun Chinese Restaurant located at  651

Flatbush Avenue, Brooklyn, NY  11225.

        3.   I was never aware that a lawsuit had been filed against me and my place of

business.  The first time that I became aware that there was a case against my business was when I received in the mail a document that indicated that the Court was holding an inquest.

4.  I did not understand this document due to the fact that I have a limited understanding of the law and the English language.  I immediately retained an attorney, Jesse Hamilton, Esq..  After he was able to look into the matter and obtain copies of the Court file, he explained to me that I was being sued by a man named, Mike Costello, whom I have no knowledge of, because I allegedly violated the Americans With Disability Act.  He explained me to that the Plaintiff, Mike Costello, had obtained a default judgment against me because he says that I failed to answer the complaint.

5.  I would like the opportunity to defend myself against this lawsuit.  I did not willfully fail to answer the complaint in this action.  I never received a copy of the summons and complaint.   My attorney told me that the Plaintiff served two separate businesses at the same address.  He also severed several businesses in the area with the same type of action.

6.  Furthermore, I feel that I have a meritorious defense in this action.    There is no valid evidence that the Plaintiff ever visited Hai Sun Chinese Restaurant.  At no time in the Plaintiff's Amended Complaint does he state the date and time of visiting the restaurant.  He merely says that he visited prior to filing the lawsuit.   As far as I know the business is wheelchair accessible.

7.  The Plaintiff also has not shown sufficient evidence that he is a person with a disability.  He merely states that he was in a wheelchair at the time of allegedly visiting the restaurant.  Why was he in a wheelchair?  What is his disability?  He does not

state this in his complaint.  He may have had a temporary disability like a broken leg or legs.

8.   Additionally, my attorney did an investigation and discovered that this Plaintiff has brought a lawsuit against numerous other businesses making the same claims.  It appears that this Plaintiff is making a living suing businesses that he has never visited.  This appears to be a pattern of common scheme and design.

9.   The papers that my attorney copied do not show any affidavit of having served me the Summons and Complaint.  It only shows that the Secretary of State was served.  However, the Plaintiff sent me a copy of the Inquest Order in the mail after he was granted the default judgment.  This is very suspicious.

10.   Vacating the default judgment and allowing me to defend myself will not cause any prejudice to the Plaintiff.  It will not harm him in anyway.

11.   I am a very hard working Chinese immigrant, who has worked ten (10) hour days for over twenty (20) years.  I am being sued by a person who I have never met or seen.  This person is turning my American dream into a nightmare.  I pray upon the Court to allow me my day to defend myself in this action.

12.   I respectfully ask of this Court to set aside and vacate the default judgment against me and allow me to submit an answer to the complaint in this action and defend myself.  There are many questions that can only be decided by this Court.

**WHEREFORE**, your deponent respectfully requests that an order be issued 1) setting aside Plaintiff's Default  Judgment and Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure granted against the defendants on April 11, 2011;

2) vacating Plaintiff's Default Judgment and Order granted pursuant to Rule 55(b) of the

Federal Rules of Civil Procedure against the defendant on April 11, 2011 and 3) to

further allow the defendant to file an answer,  together with such other and further relief

as to this Court may seem just and proper.


<u>s/Xiang Liun Chen</u>
Xiang Lin Chen



Sworn to before me this  29th day of
September 2011


_____
Notary Public

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MIKE COSTELLO

                    Plaintiff,              <u>PROPOSED ANSWER</u>

                                      11-CV-00280 (CLP)

      -against-

HAI SUN CHINESE RESTAURANT NY INC. and
651 REALTY NY, LLC

-------------------------------------------------------------------x

S I R S:

      Defendants, HAI SUN CHINESE RESTAURANT NY INC. and 651 REALTY

NY, LLC , by their attorney, JESSE HAMILTON, ESQ., answering the Amended

Complaint of the Plaintiff, allege upon information and belief as follows:

FIRST:       Hai Sun Chinese Restaurant NY Inc. and 651 Realty NY, LLC.
                   (a/k/a 651 Realty NY, Inc.) denies any knowledge or information
                   thereof  sufficient to answer the allegations contained in the
                   paragraphs designated 1,2,3,4,5,6,7,8,9,11,12,17,19,20,22,25, of
                   the Amended Complaint.

SECOND:    Hai Sun Chinese Restaurant NY Inc. and 651 Realty NY, LLC.
                   (a/k/a 651 Realty NY, Inc.) denies each and every allegation
                   contained in the  paragraphs designated 10, 13, 14, 15, 16, 18, 21,
                   23, 24 of the Amended Complaint.

THIRD:        651 Realty NY, LLC is correctly known as 651 Realty NY, Inc. as

it is registered with the New York Department of State.

FOURTH:      Hai Sun Chinese Restaurant NY Inc. and 651 Realty NY, Inc.

admits that they are New York corporations, both authorized to

conduct business within the State of New York.  651 Realty NY

Inc. is the owner and lessor of the property where Hai Sun Chinese

Restaurant NY Inc. conducts business as Hai Sun Chinese

Restaurant.


### AS AND FOR A FIRST SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE,
### <u>DEFENDANTS ALLEGE</u>

That the Complaint herein fails to state a cause of action against this answering

defendant.

### AS AND FOR A SECOND SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE,
### <u>DEFENDANTS ALLEGE</u>

This Court has no personal jurisdiction over the defendants.


### AS AND FOR A THIRD SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE,
### <u>DEFENDANTS ALLEGE</u>

That any and all allegations referred to in the plaintiff's complaint to which the

defendants deny are all false, unfounded and deceptive lies and these answering

defendants demand that the plaintiff's damages be accordingly denied.

AS AND FOR A FOURTH SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE,
<u>DEFENDANTS ALLEGE</u>

Plaintiff has failed to meet a condition precedent.


AS AND FOR A FIFTH SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE,
<u>DEFENDANTS ALLEGE</u>

Defendants have a meritorious defense in this action.


**WHEREFORE** the Defendants respectfully request that this Court:

A.  Dismiss the Plaintiff's Complaint with prejudice as against the

Defendants, HAI SUN CHINESE RESTAURANT NY INC. and

651 REALTY NY, LLC;


B.   Deny each contemplated relief proposed by Plaintiff;


C.   Award the Defendants, HAI SUN CHINESE RESTAURANT NY

INC. and 651 REALTY NY, LLC the reasonable costs of this litigation, including

reasonable attorneys' fees together with costs and disbursements;

D.  Grant the Defendants, HAI SUN CHINESE RESTAURANT NY INC.

and 651 REALTY NY, LLC such other and further relief as this Court deems just

and proper.


Dated:  September 29, 2011
        Brooklyn, New York


By: s/Jesse E. Hamilton
    JESSE E. HAMILTON,  ESQ.(JH1963)
    Attorney for Defendants
    HAI SUN CHINESE RESTAURANT NY
    INC. and 651 REALTY NY, LLC
    910 Lincoln Place
    Brooklyn, NY  11213
    (917) 553-7953 Tel.
    (718) 778-8924 Fax
    Jessehamilton3@gmail.com

## <u>VERIFICATION</u>

STATE OF NEW YORK    )

                                        : ss.:

COUNTY OF KINGS


     Qian Wei Chen, being duly sworn, deposes and says:

1.      I am the defendant in the within action and I have read the foregoing Proposed Answer and know the contents thereof.  That same is true to my knowledge except as to those matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.




                                <u>s/Qian Wei Chen</u>
                                  QIAN WEI CHEN




Sworn to before me on the
  day of September 2011


_____

Notary Public

**VERIFICATION**

STATE OF NEW YORK    )

                               : ss.:

COUNTY OF KINGS

        Xiang Lin Chen, being duly sworn, deposes and says:

1.       I am the defendant in the within action and I have read the foregoing Proposed Answer and know the contents thereof.  That same is true to my knowledge except as to those matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

                                           s/Xiang Lin Chen
                                         XIANG LIN CHEN

Sworn to before me on the
    day of September 2011

_____
Notary Public

## **VERIFICATION**

STATE OF NEW YORK     )

                                   : ss.:

COUNTY OF KINGS

Choi Fuk Chan, being duly sworn, deposes and says:

1.       I am the defendant in the within action and I have read the foregoing

Proposed Answer and know the contents thereof.  That same is true to my

knowledge except as to those matters therein stated to be alleged on information

and belief, and as to those matters, I believe them to be true.

                                       s/Choi Fuk Chen
                                       CHOI FUK CHEN

Sworn to before me on the
      day of September 2011

_____
Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MIKE COSTELLO

                      Plaintiff,             <u>CERTIFICATE OF SERVICE</u>

                                           11-CV-00280 (CLP)

        -against-

HAI SUN CHINESE RESTAURANT NY INC. and
651 REALTY NY, LLC

------------------------------------------------------------------x

JESSE HAMILTON, an attorney admitted to practice law in this State, affirms under

penalties of perjury that he is not a party hereto, is over 18 years old, resides at 910

Lincoln Place, Brooklyn, New York 11213; and on September 30, 2011,  served the

within Notice of Motion, Affirmation in Support, Affidavits of Merit, Proposed Answer

and supporting papers upon the parties appearing herein, by mailing a true copy thereof

to them at the addresses below in a sealed, postpaid properly addressed envelope, by

certified first class mail, via an official depository under the exclusive control of the

United States Post Office within New York State.


To:

Adam T. Shore, Esq. (AS4825)
Attorney for Plaintiff
Law Office of Adam Shore
100 Park Avenue, Suite 1600
New York, New York  10017

B. Bradley Weitz, Esq. (BW9365)
Attorney for Plaintiff
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, Florida  33160


Dated:  September 30, 2011
Brooklyn, New York


                                        Respectfully submitted,
                                        s/Jesse E. Hamilton
                                        Jesse Hamilton, Esq.(JH1963)
                                        Attorney for Defendants
                                        910 Lincoln Place
                                        Brooklyn, New York 11213
                                        917-553-7953 (Tel.)
                                        718-778-8924 (Fax)
                                        Jessehamilton3@gmail.com