UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MIKE COSTELLO,

                     Plaintiff,

- against -

HAI SUN CHINESE RESTAURANT
NY, INC., et al,

                     Defendants.
-------------------------------------------------------X

**REPORT AND RECOMMENDATION**

11 CV 0280 (KAM)

On January 19, 2011, plaintiff Mike Costello initiated this action against defendants Hai Sun Chinese Restaurant NY, Inc. ("Hai Sun" or the "Restaurant"), and Two Hawthorne Street Associates, LLC, alleging violations of the public accessibility requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*, the New York City Human Rights Law ("NYCHRL"), Admin Code of the City of New York, § 8-107, and the New York State Human Rights Law ("NYSHRL"), N.Y. State Exec. L. § 296. Plaintiff's Complaint seeks injunctive relief, attorney's fees, and costs. On February 7, 2011, plaintiff submitted an Amended Complaint that removed Two Hawthorne Street Associates, LLC as a defendant and substituted 651 Realty NYC, LLC in its place; the Amended Complaint also corrected the location of Hai Sun to 651 Flatbush Avenue, Brooklyn, NY, instead of 661 Flatbush Avenue, as it had been listed in the original Complaint.

By motion dated September 30, 2011, defendants seek an order vacating the default entered against them on April 11, 2011. For the reasons set forth below, it is respectfully recommended that defendants' motion to set aside the default be granted.

## FACTUAL BACKGROUND

In his Amended Complaint, plaintiff alleges that defendant Hai Sun is a restaurant located at 651 Flatbush Avenue in Brooklyn. (Am. Compl.[1] ¶ 4). Defendant, 651 Realty, N.Y. LLC,[2] is alleged to be the owner and lessor of the real property on which the Restaurant is located. (Id.) The Amended Complaint alleges that Hai Sun operates a restaurant that provides food, beverages, and services to the public, and as such is a "public accommodation" pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104. (Am. Compl. ¶¶ 7, 8).

Plaintiff alleges that he suffers from a "qualified disability" under the ADA, using a wheelchair for mobility. (Id. ¶ 3). According to the Amended Complaint, plaintiff "visited the subject property" at an unspecified time "prior to the filing of the lawsuit," and he alleges that he "was denied full and safe access to all of the benefits, accommodations, and services" of Hai Sun. (Id. ¶ 11).

Specifically, plaintiff claims that Hai Sun began operations and/or underwent "substantial remodeling, repairs and/or alterations since January 26, 1992." (Id. ¶ 9). According to plaintiff, there is no safe or accessible path of travel for plaintiff's wheelchair into the Restaurant because of a step at the entrance. (Id. ¶ 13(i)). Plaintiff further alleges that there is inadequate directional signage, no handicap accessible seating in the Restaurant, and no safe handicap accessible emergency exit. (Id. ¶¶ 13(i), 13(ii), 13(iii), 13(iv)). Plaintiff also complains that the

---

[1] Citations to "Am. Compl." refer to the Amended Complaint filed in this action on February 7, 2011.

[2] Defendants contend that although plaintiff has named 651 Realty NY, LLC as defendant, the true name of the entity is "651 Realty NY, Inc." (See Affirmation of Jesse Hamilton, Esq., In Support, dated September 29, 2011 ("Hamilton Aff.")).

2

cashier/serving bar is higher than 36 inches above the finished floor, and that there is no handicap-accessible pathway at least 36 inches wide to the counter, in part due to the location of chairs and a wall. (Id. ¶¶ 13(iv), 13(v)).

Plaintiff alleges that these conditions violate the ADA and that defendants have failed to make the necessary alterations to bring the Restaurant in conformity with ADA, which they have been required to do since January 26, 1992. (Id. ¶¶ 14, 15, 16). Plaintiff further alleges that there may be other violations that only an inspection would reveal. (Id. ¶ 14).

Plaintiff seeks damages in the amount of $1,000, injunctive relief, attorney's fees and costs under the ADA, the NYSHRL, and the NYCHRL.

On February 7, 2011, plaintiff filed his Amended Complaint. When defendants failed to answer or otherwise respond to the Amended Complaint, plaintiff filed a motion for default. On April 14, 2011, the Clerk of the Court entered a default against the defendants. On September 21, 2011, defendants sent a letter to the Court claiming that defendants speak Chinese, and that they never received any papers in this matter until they received this Court's Order of August 3, 2011, setting the case down for an inquest hearing.

On September 30, 2011, defendants moved to vacate the default judgment entered on April 11, 2011, claiming that they were never served with the Summons and Complaint and only received notice of this lawsuit when they received the Inquest Order. (Hamilton Aff. ¶ 3). Defendants claim that they have a limited understanding of English; their native language is Chinese; and they did not understand the significance of this Court's August 3, 2011 Order. (Id.

3

¶ 4; Chan Aff.³ ¶ 4; Chen I Aff.⁴ ¶ 4; Chen II Aff.⁵ ¶ 4). The defendants claim that they immediately retained an attorney upon receiving the Court's Order. (Chan Aff. ¶ 4; Chen I Aff. ¶ 4; Chen II Aff. ¶ 4). Counsel represents that the defendants were not personally served with the Summons and Complaint; the only affidavit of service indicates that service was made through the Secretary of State. (Hamilton Aff. ¶ 4). Counsel further determined that plaintiff initially served defendants at the wrong address and named as a defendant a business – Hawthorne Street Associates – that has no relationship to these defendants. (Id.)

Defendants claim that they did not wilfully default and that once they learned of the lawsuit, they retained their current counsel and did so within days of receiving the Court's Order. Defendants also argue that they have a meritorious defense to the claims, sufficient to warrant vacatur of the default. (Id.)

## DISCUSSION

### A. Standards

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once a default has entered, the defendant may seek to set aside the default, pursuant to

---

³Citations to "Chan Aff." refer to the Affirmation of Choi Fuk Chan, owner and Chief Executive Officer of 651 Realty NY.

⁴Citations to "Chen I Aff." refer to the Affirmation of Qian Wei Chen, co-owner of Hai Sun Chinese Restaurant.

⁵Citations to "Chen II Aff." refer to the Affirmation of Xiang Lin Chen, co-owner of Hai Sun Chinese Restaurant.

4

Rule 55(c) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 55(c); Brown v. Gabbidon, No. 06 CV 8148, 2007 WL 1423788, at *2 (S.D.N.Y. May 14, 2007). If the defendant fails to appear or otherwise moves to set aside the default, or the motion made pursuant to Rule 55(c) is unsuccessful, a default judgment may be entered against the defendant. See Fed. R. Civ. P. 55(b). Under Rule 55(c), the defendant is thereafter authorized to make a motion pursuant to Fed. R. Civ. P. 60(b) to set aside the default judgment. See Meehan v. Snow, 652 F.2d 274, 276-77 (2d Cir. 1981).

A default judgment is an extreme remedy that should only granted as a last resort. See id. at 277; Lichtenstein v. Jewelart, Inc., 95 F.R.D. 511, 513 (E.D.N.Y. 1982). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and]. . .delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993); see also Merker v. Rice, 649 F.2d 171, 174 (2d Cir. 1981). Thus, in light of the "oft-stated preference for resolving disputes on the merits," defaults are "generally disfavored," and doubts should be resolved in favor of the defaulting party. Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96.

"Decisions to vacate an entry of default are within the discretion of the court, and any doubts should be resolved in favor of a trial on the merits." Brown v. Gabbidon, 2007 WL 1423788, at *2 (citing Meehan v. Snow, 652 F.2d at 276-77). The factors that are used by a court to determine whether to set aside a default or a default judgment are the same. Enron Oil Corp. v. Diakuhara, 10 F.3d at 96; see also United States v. Bullen, No. 97 CV 7322, 1999 WL 118781, at *2 (E.D.N.Y. Mar. 1, 1999). However, it is well-established that "[a] motion to vacate a

5

default is subject to a less rigorous standard than applies to a Rule 60(b) motion to vacate a default judgment." American Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir 1996) (citing Meehan v. Snow, 652 F.2d at 276; Enron Oil Corp. v. Diakuhara, 10 F.3d at 96 (noting that although the same factors are applied in determining whether to vacate a default or default judgment, "courts apply the factors more rigorously in the case of a default judgment. . .because the concepts of finality and litigation repose are more deeply implicated in the latter action") (internal citation omitted). Under this standard, the court should consider: 1) whether the defendant's default was willful; 2) whether setting aside the default would prejudice the adversary; and 3) whether a meritorious defense is presented. Enron Oil Corp. v. Diakuhara, 10 F.3d at 96 (citing Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 320 (2d Cir. 1986)).

Applying these criteria to the facts in the case at bar, the Court finds that defendants have adequately shown good cause why the default judgment should be vacated.

B. Service

As an initial matter, it is clear that "[a] court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, 'which also means that he must have been effectively served with process.'" Copelco Capital, Inc. v. Gen. Consul of Bolivia, 940 F. Supp. 93, 94 (S.D.N.Y. 1996) (internal citation omitted). As the Supreme Court noted in Henderson v. United States, 517 U.S. 654, 672 (1996), "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." The Second Circuit has further indicated that the notice must be "reasonably

calculated to provide actual notice of the action." National Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 258 (2d Cir. 1991) (citing Mullane v. Central Hanover Bank & Trust Co., 336 U.S. 306, 314 (1950)), cert. denied, 502 U.S. 968 (1991).

Vacatur is appropriate when defendants provide a valid excuse for not receiving the summons and complaint. Nouveau Elevator Indus., Inc. v. Continental Cas. Ins. Co., No. 05 CV 0813, 2006 WL 1720429, at *5 (E.D.N.Y. June 21, 2006) (citing Spearman v. Atreet Corp., 238 A.D.2d 194, 656 N.Y.S.2d 30 (1st Dep't 1997) (affirming vacatur of default judgment where defendant's lack of actual notice was reasonably excused by the fact that the complaint and summons contained the wrong address). "When the defendant challenges the sufficiency of service of process," it is well-established that "the burden of proof is on the plaintiff to show the adequacy of service." Blue Ocean Lines v. Universal Process Equip., Inc., No. 93 CV 1722, 1993 WL 403961, at *4 (S.D.N.Y. Oct. 7, 1993) (internal citation omitted); accord Bey v. U.S. Postal Serv., No. 03 CV 4081, 2005 WL 2923516, at * 1 (S.D.N.Y. Nov. 4, 2005).

Here, defendants claim that they never received notice of the lawsuit until they received the Court's August 3, 2011 Order. (Hamilton Aff. ¶ 3). They claim that they never received a copy of the Summons and Complaint. (Id.)

In response, plaintiff contends that service was properly effected on these corporate defendants pursuant to Rule 4(h)(1)(a) of the Federal Rules of Civil Procedure. (Pl.'s Mem.[6] at 4). Rule 4(h)(1)(a) provides that service on a domestic corporation may be effectuated in the manner prescribed by Rule 4(e)(1) for serving an individual. Fed. R. Civ. P. 4(h)(1)(a). Under

---

[6] Citations to "Pl.'s Mem." refer to the Plaintiff's Response in Opposition to Defendants' Motion to Vacate/Set Aside the Entry of Defaults For Defendants' Failure to Answer or Otherwise Plead, dated October 5, 2011.

Rule 4(e)(1), "an individual...may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located...." Fed. R. Civ. P. 4(e)(1).

Pursuant to this Rule, plaintiff asserts that he served defendants in accordance with New York Business Corporation Law 306(b)(1), which authorizes service on the Secretary of State. (Pl.'s Mem. at 4). Citing Lazic v. Dorian Owners,[7] No. 10 CV 1824, 2011 WL 319879, at *2 (E.D.N.Y. Jan. 29, 2011), plaintiff argues that even though defendants deny receiving service, the Court should deny the motion to vacate the default because the affidavits of service demonstrate that the corporate defendants were served through the New York Secretary of State and therefore, plaintiff satisfied the applicable service requirements. (Pl.'s Mem. at 4).

Plaintiff also contends that defendants had prior notice of the litigation because counsel sent a letter by certified mail to defendants 651 Realty NY, Inc. and Hai Sun referencing the caption of the case and the allegations set forth in the Complaint. (Pl.'s Mem. at 5, Ex. A). Plaintiff argues that defendants' "material bad faith misrepresentations to the Court should be disregarded." (Id.) Plaintiff further challenges defendants' claimed "language barrier," noting that "[i]t is difficult to fathom that Mr. Sun[8] is able to negotiate leases, as well as conduct and run

---

[7]Although plaintiff referred to this case in his response to the defendants' motion, he failed to provide any citation for the case.

[8]Although plaintiff refers to "Choi Sun," and states that Mr. Sun "has been working for twenty five years and is the owner and Chief Executive Officer of 651 Realty, NY, Inc., as well as the landlord of 651 Flatbush Avenue, Brooklyn, New York" (see Pl.'s Mem. at 5), plaintiff actually cites to statements made in the affidavit of Choi Fuk Chan. (See Chan. Aff. ¶ 2). As far as the Court is aware, there is no Mr. Sun. Along with initially naming the wrong defendant, citing the wrong address, and failing to provide the date on which Mr. Costello visited the Restaurant, this is yet another example of the lack of care that has gone into plaintiff's papers. This consistent pattern of sloppiness in regard to the basic facts of the case is a key reason why

8

a business in New York State without having an understanding and knowledge of the English language." (Id. at 6).

In response, defendants contend that the plaintiff made numerous errors in attempting to bring this action and in attempting to serve the defendants in the first instance. (Hamilton Aff. ¶ 9). Specifically, the Summons and Complaint were initially served at 661 Flatbush Avenue, instead of "651" and included as a defendant 2 Hawthorne St. Associates LLC, which has no connection to these defendants. The proof of service indicates that the defendants were initially served at the wrong address. (Id.)

Defendants' counsel also notes that on the same day that this action was commenced, plaintiff brought the same exact claim against four other businesses claiming that he had been denied access at each of these locations in violation of the ADA.[9] (Id. ¶ 25). Defendants' counsel represents that one of the actions filed on the same day was captioned "Errol Miller, d/b/a/ Errol's Bakery & Catering, and 2 Hawthorne St. Associates," Index No. 11 CV 0281. (Id.) Not only does this present a possible explanation for plaintiff's error in filing this lawsuit, but defendants argue that it provides evidence that plaintiff's counsel has "manufactured this litigation through fraud for the purpose of collecting attorney's fees."[10] (Id. ¶ 24 (citing Small v.

---

this Court does not find it appropriate to grant plaintiff a default judgment, denying defendants an opportunity to contest plaintiff's obviously cut-and-pasted allegations.

[9] In fact, the Court notes that in addition to this action, on January 19, 2011, plaintiff filed public accessibility complaints against 7 other businesses – 6 restaurants and 1 liquor store – located along a five block stretch between 545 Flatbush Avenue and 661 Flatbush Avenue. Each of plaintiff's 8 complaints uses nearly identical text and contains the same allegations.

[10] The Court notes that the complaint in the 11 CV 0281 action also alleges that Errol's Bakery and Catering is located at 661 Flatbush Avenue. This is the same address plaintiff erroneously cited for Hai Sun in the original Complaint here before changing it to 651 Flatbush

9

General Nutrition Companies, Inc., 388 F. Supp. 2d 83 (E.D.N.Y. 2005); Rodriguez v. Investco, LLC, 305 F. Supp. 2d 1278, 1285 (M.D. Fla. 2004)).

Plaintiff is correct that New York Business Corporation Law 306(b)(1) authorizes service of corporate defendants on the Secretary of State, and that Lazic v. Dorian Owners, 2011 WL 319879, at *2, provides authority for denying a motion to vacate when the plaintiff demonstrates that corporate defendants were served through the New York Secretary of State, thus satisfying the applicable service requirements. Id. The Court notes, however, that in Lazic, one of the factors considered by the court in declining to vacate the default was the absence of any "offered affidavits to rebut plaintiff's allegations," or "evidence beyond conclusory denials" to support their claims of a meritorious defense. Id. Here, the defendants have submitted information in the form of sworn statements that raise questions about plaintiff's claims. (See discussion infra at 14-15.)

The Court recognizes that the Amended Complaint names "651 Realty, NY, LLC" as a defendant (see Am. Compl. ¶ ), but the affidavit of service indicates that it was served, via the Secretary of State, on "651 Realty, NY. Inc." (See Docket Entry #4). Under the circumstances of this case, the distinction between "Inc." and "LLC" is harmless error. See Fed. R. Civ. P. 61 ("the court must disregard all errors and defects that do not affect a party's substantive rights"). There is no indication that this distinction prevented the Secretary of State from mailing the pleadings to the proper location. See West Coast Realty Services, Inc. v. Holness, No. 25460/05,

---

Avenue in the Amended Complaint. The Court notes that both of the errors plaintiff made in his original Complaint here – naming 2 Hawthorne St. Associates instead of 651 Realty, NY, Inc. as the owner and lessor of the property at issue and citing the address of the property as 661 Flatbush Avenue instead of 651 – appear to have been copied and pasted from the 11 CV 0281 complaint.

10

2007 WL 2192825, at *2 (N.Y. Sup. Ct. Aug. 1, 2007). In fact, as defendant notes, (see Hamilton Aff. ¶ 1, n.1), "651 Realty, NY, Inc." is the correct name of defendant's business, and this is the name registered with the New York Secretary of State.

Here, although the original Complaint contained errors that reasonably could have prevented defendants from receiving it, the affidavit of service indicates that the corrected Amended Complaint was served on the Secretary of State as of February 17, 2011. (See Docket Entry #4). Thus, while the caption of the plaintiff's pleadings remains incorrect, the affidavit of service indicates that the Summons and Amended Complaint were served, via the Secretary of State, on the intended party. Apart from their own denials, defendants have provided no evidence that the Secretary of State failed to send the notice of service or sent it to the incorrect address. See West Coast Realty Services, Inc. v. Holness, 2007 WL 2192825, at *2 (holding that, absent evidence that the Secretary of State's letter notifying corporate defendant of service was returned to the government or sent to some address other than the one on file, there was no indication that the letter was not received and thus service was reasonable) (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. at 315).

Nevertheless, in considering the defendants' arguments about the deficiencies in plaintiff's pleadings, and being mindful of the preference for resolving disputes on the merits as well as the "general[] disfavor" with which default judgments are viewed, Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96, the Court analyzes the three Enron factors.

C. *Enron* Factors

Accordingly, even if defendants had received proper service of the Summons and

11

Complaint, the question remains whether this Court, in the exercise of its discretion, should recommend that the entry of default be set aside under the test set forth in Enron Oil Corp. v. Diakuhara, 10 F.3d at 96. As previously indicated, the Court is to consider: 1) whether the default was willful; 2) whether setting aside the default would result in prejudice to the plaintiff; and 3) whether the defendant has presented a meritorious defense to the action.

1) Willfulness

Employing the appropriate standard of review, the Court finds that defendants' failure to timely file an answer to the Amended Complaint was not willful. In the Second Circuit, "willfulness" in the context of a default refers to conduct that is more than merely negligent or careless. SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). The court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained. Id.; see also Dominguez v. United States, 583 F.2d 615, 618 (2d Cir. 1978) (finding that counsel's 10-month delay in seeking to vacate a dismissal could not be characterized as excusable neglect). Although plaintiff disputes the diligence with which defendants pursued their defense, defendants' actions do not rise to the level of willfulness.

First, the Court finds that once the defendants received this Court's Order, which was sent to the appropriate address, they contacted counsel to obtain an understanding of the significance of the Order. (Hamilton Aff. ¶ 4). Second, although plaintiff discounts defendants' language issues, the Court credits their statements that they did not understand the significance of the legal terms until explained by counsel. (Chan Aff. ¶ 4; Chen I Aff. ¶ 4; Chen II Aff. ¶ 4). While it is unclear whether they received notice from the Secretary of State or should have acted in response

to the letters sent by counsel,[11] the Court finds that defendants' actions were merely negligent or careless in not taking action sooner to defend this suit. Based on the affidavits of Mr. Chan, Mr. Qian Wei Chen, and Mr. Xiang Lin Chen, the Court finds that defendants' failure to respond to the Amended Complaint was not "willful," and was further excused by defendants' lack of fluency in the English language. (Chan Aff. ¶ 4; Chen I Aff. ¶ 4; Chen II Aff. ¶ 4). Their prompt response to this Court's Order demonstrates sufficient diligence and a desire to defend such that the Court declines to find their failure to answer to be willful.

2) Prejudice

In considering whether to grant a motion to vacate a default, the Court must also consider any possible prejudice to the plaintiff. See Brown v. Gabbidon, No. 06 CV 8148, 2007 WL 1423788, at *3 (S.D.N.Y. May 14, 2007). Here, plaintiff has not shown that his "'ability to pursue the claim has been hindered since the entry of the judgment'" or that there has been a loss of evidence or substantial reliance upon the judgment. Id. (quoting Farrell v. County Van & Storage, Inc., No. 96 CV 1174, 1996 WL 705276, at *3 (E.D.N.Y. Nov. 25, 1996)). Although plaintiff claims that he would be unduly prejudiced by a vacatur order because "his ability to prove liability may possibly turn on his recollection . . . of the exact dates and times he was denied access to the restaurant," (Pl.'s Mem. at 7), the Court notes that the Amended Complaint is devoid of any mention of a single date when plaintiff is alleged to have visited the restaurant.[12]

---

[11]Defendants contend that, in fact, they never received these letters and, indeed, the copies submitted do not contain any indicia of mailing or receipt.

[12]In fact, the Court notes that none of the 8 actions plaintiff filed on January 19, 2011 contain a specific date on which plaintiff claims to have visited the defendant establishment and

13

The absence of any date is in fact one of the bases on which defendants claim that they have a meritorious defense presenting a possible triable issue of fact. (See discussion infra at 13-14). While the passage of time may raise issues of credibility, delay alone is not enough to establish prejudice in the absence of a showing that the delay has resulted in the loss of evidence or will create difficulties in discovery. See Enron Oil Corp. v. Diakuhara, 10 F.3d at 98; Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). Plaintiff's assertion that granting the vacatur of the default would "delay resolution of this matter" and prejudice persons with mobility impairments alone is not enough to establish the prejudice necessary to defeat the motion to vacate.

### 3) Meritorious Defense

Defendants claim that they have raised a meritorious defense that presents issues of fact for trial. In order to satisfy the third prong of the Enron test, the party opposing the default must demonstrate that "'if relief is granted the outcome of the suit may be different than if the entry of default or the default judgment in allowed to stand.'" In re Martin-Trigona, 763 F.2d 503, 505 n.2 (2d Cir. 1985) (quoting 10 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure 2967 (2d Ed. 1983)). While "[a] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense," Enron Oil Corp. v. Diakuhara, 10 F.3d at 98, he need not "conclusively establish the validity of his defense." Marziliano v. Heckler, 728 F.2d 151, 156-57 (2d Cir. 1984) (citing Davis v. Musler, 713 F.2d at 916).

Although plaintiff alleges that at some time prior to the initiation of this suit, he visited

---

been denied access due to his physical limitations.

the Restaurant in a wheelchair and was denied access, defendants claim that not only do they believe that their Restaurant is wheelchair accessible (see Chan Aff. ¶ 6; Chen I Aff. ¶ 6; Chen II Aff. ¶ 6), but in the absence of a specific date, "there is no valid evidence that plaintiff ever visited" Hai Sun.[13] (Id.)

Given the Second Circuit's stated "preference that litigation disputes be resolved on the merits, not by default," Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995); accord Brien v. Kullman Indus., Inc., 71 F.3d 1073, 1077 (2d Cir. 1995); Enron Oil Corp. v. Diakuhara, 10 F.3d at 96, and the fact that there is a legitimate factual dispute as to the lack of accessibility and the date on which plaintiff actually visited the premises, the Court finds that the case would be better decided by a finder of fact after an opportunity for full discovery.

## CONCLUSION

For the reasons stated above, it is respectfully recommended that defendants' motion to vacate the default be granted.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order.

---

[13] Defendants also raise a challenge to plaintiff's standing, arguing that "Plaintiff has failed to show that he is a person with a disability with [sic] the scope of the Americans with Disabilities Act" (Hamilton Aff. ¶ 18), and that because the plaintiff does not allege an exact date and time on which he visited Hai Sun, he may not have suffered an injury in fact. (Hamilton Aff. ¶ 22). Given the procedural posture of this case, the Court does not address defendants' arguments at this time. If the district court adopts the undersigned's recommendations and vacates default, defendants may then reraise their standing challenge.

See 28 U.S.C. Section 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; <u>Small v. Secretary of Health & Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Order to the parties either electronically through the ECF system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
February 27, 2012

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York