```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
 MIKE COSTELLO,

                Plaintiff,
                                                    ORDER ADOPTING REPORT
           - against -                              AND RECOMMENDATION

 HAI SUN CHINESE RESTAURANT NY INC.                 11-CV-00280 (KAM)(CLP)
 d/b/a HAI SUN RESTAURANT and 651
 REALTY, NY, LLC,

                Defendants.
----------------------------------------X
```
**MATSUMOTO, United States District Judge**:

On February 7, 2011, Mike Costello ("plaintiff") filed an Amended Complaint against Hai Sun Chinese Restaurant NY Inc. d/b/a Hai Sun Restaurant and 651 Realty, NY, LLC ("defendants") asserting claims for violations of public accessibility requirements and discrimination under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et. seq.*, the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(4), and the New York State Human Rights Law, N.Y. Exec. Law § 296(2). (*See generally* ECF No. 2, Amended Complaint.) Specifically, plaintiff alleges that, at the time he personally visited Hai Sun Restaurant, he suffered from a "qualified disability" under the ADA, used a wheelchair for mobility, and "was denied full and equal access to, and full and equal enjoyment of, the facilities within" the restaurant. (*Id.* ¶ 3.)

After defendants failed to appear and the Clerk of the Court entered notations of default on April 11, 2011, plaintiff moved for entry of default judgment against defendants on May 2, 2011, which this court referred to Magistrate Judge Cheryl L. Pollak. (*See* Order dated May 3, 2011.) Subsequently, defendants appeared in the action and filed a motion on September 30, 2011 to vacate the entry of default, which plaintiff opposed. Presently before the court is a Report and Recommendation issued by Magistrate Judge Pollak on February 27, 2012, recommending that this court grant defendants' motion to vacate the entry of default and deny plaintiff's motion for entry of default judgment. (*See* ECF No. 22, Report and Recommendation.)

On February 27, 2012, notice of the Report and Recommendation was sent to the plaintiff and the defendants via the court's electronic filing system. As explicitly noted at the end of the Report and Recommendation and on the docket entry for the Report and Recommendation, any written objections to the Report and Recommendation were to be filed within fourteen (14) days of service of the Report and Recommendation, or by March 15, 2012. (Report and Recommendation at 15; Docket Entry dated February 27, 2012); *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The statutory period for filing objections has expired, and no objections to Magistrate Judge Pollak's Report and Recommendation have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a review of the Report and Recommendation, and considering that the parties have failed to object to any of Magistrate Judge Pollak's thorough and well-reasoned recommendations, the court finds no clear error in Magistrate Judge Pollak's Report and Recommendation and hereby affirms and adopts the Report and Recommendation as the opinion of the court.[1]

Accordingly, for the reasons set forth in Magistrate Judge Pollak's Report and Recommendation, the court grants defendants' motion to vacate the entry of default and denies plaintiff's motion for entry of default judgment. The parties

---

[1] To avoid any confusion, the court confirms that the Clerk of the Court entered default against defendants on April 11, 2011. Although the Report and Recommendation correctly references the April 11, 2011 date for entry of default multiple times, the Report and Recommendation incorrectly references an April 14, 2011 date for entry of default on a single occasion. (*See* Report and Recommendation at 3.)

shall appear before Magistrate Judge Pollak for a conference on a date to be ordered by the Magistrate Judge.

**SO ORDERED.**

Dated:   March 21, 2012
         Brooklyn, New York

                                    _____/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge